```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KARINA PEREZ,
          Plaintiff,
     v.
THE CITY OF NEW YORK,                              COMPLAINT
NEW YORK CITY POLICE OFFICER
JOSEPH DAVIN, Shield # 24383,
34th Precinct,
NEW YORK CITY POLICE OFFICER
JOHNNY DIAZ, Shield # 31661,
34th Precinct,
NEW YORK CITY POLICE OFFICER
JANE DOE TWO TONED HAIR,
34th Precinct,
          Defendants.
------------------------------------------------------X
```

**PRELIMINARY STATEMENT**

1. This is a Civil Rights Action in which Plaintiff, KARINA PEREZ, seeks redress for the Defendants' violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in

this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

**VENUE**

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

**PARTIES**

7. The Plaintiff, KARINA PEREZ, is a United States Citizen, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER JOSEPH DAVIN, Shield Number 24383, NEW YORK CITY POLICE OFFICER JOHNNY DIAZ, Shield # 31661 and NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR upon information and belief of the THIRTY FOURTH PRECINCT, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER DAVIN, NEW YORK CITY POLICE OFFICER DIAZ, and NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR are sued individually and in their official capacity. At all times relevant, Defendants NEW YORK CITY POLICE OFFICER DAVIN, NEW YORK CITY POLICE OFFICER DIAZ and NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE OFFICERS DAVIN, DIAZ and TWO TONED HAIR, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW

YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

11. On May 8, 2015 at approximately 12:00 a.m. the Plaintiff was driving her father-in law's vehicle, in a lawful manner, having just left her mother's house at 23 Vermilyea Avenue. The Plaintiff, who was going to Netherland Avenue in the Bronx, drove down Vermilyea towards Isham Street. The Plaintiff turned on her turn signal and made a left onto Isham, then proceeded one block to Broadway and again, using her turn signal, made a right onto Broadway. The Plaintiff was proceeding on Broadway when she was ordered to pull over by named Defendants, NEW YORK CITY POLICE OFFICER JOSEPH DAVIN, Shield Number 24383 and NEW YORK CITY POLICE OFFICER JOHNNY DIAZ, Shield Number 31661, of the Thirty Fourth precinct. Defendant NEW YORK CITY POLICE OFFICER DAVIN asked the

Plaintiff to produce her driver's license and registration. The Plaintiff produced registration for the vehicle and informed Defendant OFFICER DAVIN that she did not have her driver's license on her but that she knew her driver's license number, which she then proceeded to tell Defendant OFFICER DAVIN so that he could run Plaintiff's drivers' license number to determine its validity. Defendant OFFICER DAVIN told the Plaintiff that he saw the Plaintiff in front of #121 Vermilyea and that that was a drug prone location. The Plaintiff informed Defendant OFFICER DAVIN that she was coming from her mother's house located at #23 Vermilyea Avenue and that she was not in the vicinity of #121 Vermilyea. The Plaintiff then asked both Defendant Officers why she was being stopped. Defendant OFFICER DAVIN falsely informed the Plaintiff that he allegedly observed her "make a turn without using her turn signal". The Plaintiff responded that she did use her signal, whereupon Defendant OFFICER DAVIN ordered the Plaintiff to exit the vehicle and go to the back of the car. Defendant OFFICER DIAZ then began searching the Plaintiff's purse, finding the Plaintiff's passport. Two other members of THE NEW YORK CITY POLICE DEPARTMENT then arrived at the location. One of this second set of officers was a female of Hispanic or Caucasian ethnicity, with two toned hair dyed blond and brown (Named Defendant NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR), the other was a Hispanic male. Named Defendant NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR proceeded to stay with the Plaintiff at the back of the vehicle while Defendant Officers DIAZ and DAVIN proceeded to search the Plaintiff's vehicle. Upon observing Defendant OFFICERS DAVIN and DIAZ searching the vehicle, the Plaintiff asked how they were able to do that, whereupon Defendant OFFICER DIAZ stated to the Plaintiff, in sum and substance: "smart ass, we are allowed to search your car and your property". The Plaintiff then informed Defendant OFFICER DIAZ and Defendant OFFICER DAVIN, that the vehicle belonged to her father-in-law. Defendant OFFICER DIAZ and Defendant OFFICER DAVIN then began to search inside the vehicle. Defendant OFFICER DAVIN located a black baton from inside

4

the vehicle and stated to the Plaintiff, in sum and substance: "this is illegal", prompting the Plaintiff to repeat the statement regarding the car being her father-in-law's vehicle. Defendant OFFICER DIAZ then informed the Plaintiff that she had been stopped because of the tint of the car windows. Defendant OFFICER DAVIN then continued to search the vehicle and fond a bottle with a powder inside of it. The Plaintiff then told both Defendant OFFICER DAVIN and Defendant OFFICER DIAZ that there were no drugs in the car. The Plaintiff was then handcuffed and put in the back of an unmarked police car, whereupon Plaintiff was transported to the Thirty Fourth precinct. At the precinct the Plaintiff was ordered to go into a bathroom by Defendant NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR. The Plaintiff, who was wearing leggings and flip flops, reminded Defendant OFFICER JANE DOE TWO TONED HAIR that she wasn't wearing undergarments and was only wearing a loose tank top with no support bra. Defendant NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR told the Plaintiff to turn around, facing away from Defendant OFFICER TWO TONED HAIR. Defendant OFFICER TWO TONED HAIR proceeded to then squeeze the Plaintiff's breasts under the pretense of conducting a partial strip search. Defendant OFFICER JANE DOE TWO TONED HAIR then proceeded to place her hands on the Plaintiff's vagina, causing the Plaintiff to begin to cry, whereupon Defendant OFFICER JANE TWO TONED HAIR proceeded to exit the bathroom, closing the door behind her and leaving the Plaintiff in the bathroom by herself. Defendant NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR eventually knocked on the bathroom door and asked the Plaintiff if she "needed anything, or if she needed her husband to bring her anything. The Plaintiff remained at the 34th Precinct for approximately five hours. The Plaintiff's husband was allowed to come to the precinct that evening to retrieve his father's car, which was not photographed or vouchered as evidence by either Defendant OFFICERS DAVIN or DIAZ. The Plaintiff was subsequently transported to Central Booking, where she saw a Corrections Officer she knew, causing Plaintiff to start crying again. The Plaintiff was held in the custody

of THE NEW YORK CITY POLICE DEPARTMENT for approximately twenty hours. As a result of the actions of Defendant NEW YORK CITY PPOLICE OFFICER JANE DOE TWO TONED HAIR, Plaintiff, who had an eight month old baby, could no longer breast feed her child. The Plaintiff was forced to retain an attorney to defend her against the criminal charges levied against her by named Defendant NEW YORK CITY POLICE OFFICERS DAVIN and DIAZ. The powder allegedly recovered did not contain any controlled substances. After being required to make several Court appearances the criminal case against the Plaintiff was dismissed on November 30, 2015 by the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE.

### FIRST FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search, False Arrest**

12. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, on May 8, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOSEPH DAVIN and Defendant NEW YORK CITY POLICE DETECTIVE JOHNNY DIAZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching, detaining and arresting the Plaintiff without lawful reason or cause.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER DAVIN and Defendant NEW YORK CITY POLICE OFFICER DIAZ occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Unlawful Search**

15. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, on May 8, 2015, the conduct of named Defendants, NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully strip searching, the Plaintiff without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

17. That the actions of Defendant NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR occurred in and during the scope of her duties and functions as a New York City Police Officer, and while acting as an employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

**Violation of Rights Secured by the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

18. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Three (23) ix as if fully set forth herein.

19. That on May 8, 2015, the Defendant NEW YORK CITY POLICE OFFIER JANE DOE TWO TONED HAIR unlawfully utilized excessive force during the bathroom search conducted upon the Plaintiff without lawful reason or cause

20. That the actions of Defendant, NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR occurred in and during the scope of her duties and functions as a New York City Police Officer, and while acting as an employee and agent of THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

21. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR, resulted in physical injury to Plaintiff, and causing the aforementioned and hereinafter mentioned harm to the Plaintiff.

## SECOND STATE LAW CLAIM

23. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendants, NEW YORK CITY POLICE OFFICER JOSPEH DAVIN, NEW YORK CITY POLICE OFFICER JOHNNY DIAZ and NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR, which resulted in the false arrest, detention, photographs and searches of Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, and resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

WHEREFORE, the Plaintiff demands the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant NEW YORK CITY POLICE OFFICER JOSEPH DAVIN, NEW YORK CITY POLICE OFFICER JOHNNY DIAZ and Defendant NEW YORK CITY POLICE OFFICER JANE DOE TWO TONED HAIR.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiff is entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

_____

Dated: May 3, 2018　　　　　　　　　　　　　　VICTOR M. BROWN, ESQ.
New York, NY　　　　　　　　　　　　　　　　(VB-5289)
　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　11 Park Place, Suite 1100
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10007
**Via ECF**　　　　　　　　　　　　　　　　(212) 227-7373